'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE
CALIFORNIA IRONWORKERS
FIELD PENSION TRUST, ET
AL.,

          Plaintiffs,

     v.

STREAMLINE INTEGRATION,

          Defendant.

CV 21-08301-RSWL-KESx

**ORDER re: MOTION FOR
SUMMARY JUDGMENT** [20]

     Plaintiffs, trustees of the California Ironworkers
Field Pension Trust ("Pension Trust"), California
Ironworkers Field Welfare Plan ("Welfare Plan"),
California Field Iron Workers Vacation Trust Fund
("Vacation Trust"), California Field Ironworkers
Apprenticeship Training and Journeyman Retraining Fund
("Training Fund"), California Ironworkers Field Defined
Contribution Pension Trust Fund ("DC Fund"), California
Field Iron Workers Administrative Trust ("Admin.

Trust"), California Field Ironworkers Labor Management
Cooperative Trust Fund ("LMC Trust"), and the
Ironworkers Workers' Compensation Trust ("Workers' Comp.
Trust"), (collectively "the Trust Funds"), bring this
Action against Defendant Streamline Integration
("Defendant") for Breach of Written Collective
Bargaining Agreement and Related Trust Agreements,
Violation of Section 515 of the Employee Retirement
Income Security Act ("ERISA"), and for an injunction
requiring Defendant submit to an audit of Defendant's
books and records.

Currently before the Court is Plaintiffs' Motion
for Summary Judgment. Defendant failed to file an
opposition or objection to Plaintiffs' Motion.

Having reviewed all papers submitted pertaining to
this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**
the Court **GRANTS** Plaintiffs' Motion and **ORDERS** Defendant
to submit to an audit of Defendant's books and records
relevant to its obligation to contribute to the Trust
Funds.

**I. BACKGROUND**

**A.  Factual & Procedural Background**

The Trust Funds are multi-employer trust funds
created and maintained pursuant to ERISA and
Section 302(c) of the Labor Management Relations Act of
1947, 29 U.S.C. § 186(c). Plfs.' Statement of
Uncontroverted Facts ("Plfs.' SUF") ¶¶ 2-3, ECF No. 20-
4. These Trust Funds are funded by contributions paid

2

by individual employers.  Id. ¶ 4.  The Ironworkers
Employees' Benefit Corporation (the "IEBC") is a non-
profit that administers the Trust Funds.  Decl. of Mark
Ellis ¶ 2, ECF No. 20-2.

On or about June 7, 2020, Defendant executed the
Iron Workers Independent Agreement ("Independent
Agreement") and the Contributing Employers Agreement
with the District Council of Iron Workers of the State
of California and Vicinity (the "Union").  Id. ¶¶ 6-7.
These two agreements provide that Defendant shall comply
with the provisions and rules set forth in the
collective bargaining agreement governing employers
obligated to contribute to the Trust Funds.  Id. ¶¶ 8-
10.  Therefore, under these agreements, Defendant agreed
and is obligated to submit contributions to the Trust
Funds.  Id. ¶¶ 5-9.

Specifically, Defendant must submit monthly reports
and pay to the Trust Funds certain monetary
contributions for each hour paid for or worked by
employees performing work covered by the collective
bargaining agreement.  Id. ¶¶ 9-10.  Contributions are
due on the fifteenth day of each month following the
month in which Defendant's employees were paid and/or
worked, and such contributions are considered delinquent
if not received by the twenty-fifth day of the month.
Id. ¶¶ 11-12.  The agreements governing the Trust Funds
make clear that the prompt payment of contributions is
essential, and that liquidated damages resulting from

failure to timely pay contributions are presumed to be ten percent of the delinquent contributions if paid within ten days of becoming delinquent, or twenty percent if paid after the ten days, but no less than $50.00 under any circumstances.[1]  Id. ¶ 15.  These agreements provide that unpaid contributions shall bear interest at the rate of ten percent per annum.[2]  Id. ¶ 16.

The agreements also authorize the Trust Funds to examine and audit Defendant's books and records to determine whether the employer is making full and prompt payment of the contributions to the Trust Funds.  Id. ¶ 17.  If an audit reveals that Defendant has failed to correctly report and pay contributions for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, the unpaid contributions, liquidated damages, reasonable attorney's fees, and any other costs of collection.  Id. ¶ 18.

Defendant failed to submit contributions to the Trust Funds from July 2020 through November 2020.  Id. ¶ 19.  As a result, Defendant currently owes the Trust Funds $36,149.06, broken down as follows: $25,327.77 in delinquent contributions, $5,688.50 in liquidated damages, $5,027.79 in interest, and $105.00 in audit

---

[1] The Admin Trust deviates from this formula, instead assessing liquidated damages at ten percent what was due without increasing those damages to twenty percent at any time.  Id.

[2] Unpaid contributions to the Admin Trust bear interest at seven percent per annum.  Id.

1   costs.  Id. ¶¶ 21-24, 27.

2        Plaintiffs filed their Complaint [1] on October 20,

3   2021, and Defendant answered [11] on January 14, 2022.

4   Plaintiffs filed the instant Motion [20] on October 13,

5   2022.  Defendant has not opposed or objected to the

6   instant Motion.

7                      **II.  DISCUSSION**

8   **A.  <u>Legal Standard</u>**

9        Summary judgment is appropriate when the moving

10  party "shows that there is no genuine dispute as to any

11  material fact and the movant is entitled to judgment as

12  a matter of law."  Fed. R. Civ. P. 56(a).  A fact is

13  "material" if it might affect the outcome of the suit,

14  and the dispute is "genuine" if the evidence is such

15  that a reasonable factfinder could return a verdict for

16  the nonmoving party.  <u>Anderson v. Liberty Lobby</u>, 477 U.S

17  242, 248 (1986).

18       The moving party bears the initial burden of

19  proving the absence of a genuine dispute of material

20  fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323

21  (1986).  Where the nonmoving party bears the burden of

22  proof at trial, the moving party need only show "an

23  absence of evidence to support the nonmoving party's

24  case."  Id. at 325.  If the moving party meets its

25  burden, the burden then shifts to the nonmoving party to

26  present "specific facts showing that there is a genuine

27  issue for trial."  <u>Anderson</u>, 477 U.S at 250.  The

28  nonmoving party "must show more than the mere existence

of a scintilla of evidence . . . or some 'metaphysical doubt' as to the material facts at issue." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

The evidence, and all reasonable inferences based on underlying facts, must be construed in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). In reviewing the record, the court's function is not to weigh the evidence but only to determine if a genuine issue of material fact exists. Anderson, 477 U.S. at 255. "A district court's ruling on a motion for summary judgment may only be based on admissible evidence." In re Oracle Corp. Sec. Litig., 627 F.3d at 385. "While the evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial, the proponent must set out facts that it will be able to prove through admissible evidence." Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010).

**B.  Analysis**

Defendant does not oppose the present motion.  In the absence of an opposition, the Court nevertheless decides a motion for summary judgment on its merits. See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 (9th Cir. 1994) (holding that an unopposed motion for summary judgment may be granted only after the court determines there are no material issues of fact).  Plaintiffs, therefore, must still meet their burden of showing the absence of a genuine issue of material fact.

Plaintiffs allege that Defendant breached contracts obligating it to contribute to the Trust Funds, that Defendant's failure to contribute violated ERISA, and the Defendant must submit to a further audit.  <u>See generally</u> Compl., ECF No. 1.  The Court's analysis centers on Plaintiffs' ERISA claim and request for an injunction.[3]

1.  <u>ERISA</u>

Plaintiffs contend that Defendant failed to timely submit contributions to the Trust Funds in violation of ERISA.  <u>See</u> Plfs.' Mem. of P. & A. in Supp. of Mot. for Summ. J. ("Mem."), ECF No. 20-1.  Section 515 of ERISA states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

a.  <u>Defendant is Obligated to Make Contributions to the Trust Funds</u>

On June 7, 2020, Defendant entered into an Independent Agreement and a Contributing Employers

---

[3] In 1980, Congress amended ERISA to provide trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions.  <u>Laborers Health & Welfare Tr. Fund For N. California v. Advanced Lightweight Concrete Co.</u>, 484 U.S. 539, 541 (1988).  Therefore, section 514(a) of ERISA preempts state law claims that "relate to" employee benefits plans.  29 U.S.C. § 1144(a).  Accordingly, "ERISA preempts common law theories of . . .breach of contract."  <u>Ellenburg v. Brockway, Inc.</u>, 763 F.2d 1091, 1095 (9th Cir. 1985).

Agreement with the Union.  <u>See</u> Decl. of Mark Ellis, Exs.
A-B ("Independent Agreement" and "Contributing Employers
Agreement," respectively), ECF No. 20-2.  By entering
the Independent Agreement, Defendant agreed to comply
with the conditions and provisions of the collective
bargaining agreement and to accept, assume, and be bound
by any trust agreements, plans, or rules pertaining to
the collective bargaining agreement.  <u>See</u> Independent
Agreement.  The Independent Agreement also established
that Defendant "agree[d] to pay all monetary
contributions for each hour paid for or worked by
employees performing work covered by the [collective
bargaining agreement] to . . .the Trust Funds specified
in [the collective bargaining agreement] . . . ."  <u>Id.</u>

Therefore, Plaintiffs have adequately shown that
the Trust Funds are a multiemployer plan that Defendant
is obligated to contribute to under the Independent
Agreement, Contributing Employer Agreement, and related
agreements.  <u>See generally</u> Mem.; Independent Agreement;
Contributing Employer Agreement; Collective Bargaining
Agreement.

> b.  <u>Defendant Failed to Make Contributions to</u>
> <u>the Trust Funds from June 2020 Through</u>
> <u>November 2020</u>

Here, Plaintiffs have satisfied their burden of
showing there is no genuine issue of material fact
regarding whether Defendant failed to contribute to the
Trust Funds in accordance with the agreements.  The

agreements clearly required Defendant to submit monthly reports and contributions to the Trust Funds, Defendant did not do so, and Defendant has admitted as much.  See Independent Agreement; Collective Bargaining Agreement; Decl. of Jason J. Kennedy ¶¶ 2-4, ECF No. 20-3; Decl. of Jason J. Kennedy, Ex. A, ECF No. 20-3.

Mr. Mark Ellis, the Employer Accounts/Collection Supervisor for the Trust Funds, oversees the collection of contributions to the Trust Funds.  Decl. of Mark Ellis ¶ 7.  He also supervises the assessment of liquidated damages and interest owed to the Trust Funds by employers bound by the collective bargaining agreement and related agreements.  Id.  Mr. Ellis submitted a declaration stating that he has in his possession, custody, and control the books and records of the Trust Funds, including: (1) reports and contributions that the Trust Funds received from Defendant; (2) correspondence between Defendant and the Trust Funds; (3) records of contributions Defendant owes to the Trust Funds; and (4) calculations of amounts owed by Defendant to the Trust Funds.  Id. ¶ 8.

Mr. Ellis provided a copy of a spreadsheet "prepared by the IEBC staff reflecting the total contributions, interest, and liquidated damages owed by Defendant, less credit for payment received from a claim on a bond, for July 2020 through November 2020."  Id. ¶ 36.  These amounts were "derived from the records of the Trust Funds and calculation of the IEBC staff" under

1   Mr. Ellis's direction and supervision.  Id.  This
2   spreadsheet reveals that Defendant failed to pay
3   contributions owed to the Trust Funds from July 2020
4   through November 2020.  See Decl. of Mark Ellis, Ex. M
5   ("Spreadsheet"), ECF No. 20-2.

6        Plaintiffs also supplied their First Set of
7   Requests for Admissions propounded upon Defendant.  See
8   Decl. of Jason J. Kennedy, Ex. A.  These Requests for
9   Admission ask Defendant to admit that (1) Defendant
10  entered into the Independent Agreement and Contributing
11  Employers Agreement; (2) Defendant had an obligation to
12  submit monthly reports and pay contributions to the
13  Trust Funds; (3) Defendant employed ironworker employees
14  from June 2020 through November 2020; (4) Defendant had
15  an obligation to pay benefit contributions from June
16  2020 through November 2020; (5) Defendant failed to
17  timely submit full contribution payments; (6) On January
18  7, 2020, Defendant's President/Chief Executive Officer
19  executed a declaration stating the entire amount of the
20  audit claimed in this Action was accurate; (7) On
21  January 7, 2020, Defendant's President/Chief Executive
22  Officer executed a declaration stating that the entire
23  amount of the audit claimed in this Action was owed by
24  Defendant; and (8) Defendant has an obligation to pay
25  the Trust Funds liquidated damages and interest for
26  contributions not timely paid.  See id.
27       Defendant did not respond to Plaintiffs' Requests
28  for Admissions.  Decl. of Jason J. Kennedy ¶ 3.  Federal

Rule of Civil Procedure 36(a)(1) provides that "[a]
matter is admitted unless, within [thirty] days of being
served, the party to whom the request is directed serves
on the requesting party a written answer or objection
addressed to the matter and signed by the party or its
attorney."  Consequently, Defendant's failure to respond
amounts to admissions of the information set forth in
Plaintiffs' requests.  Thus, Defendant has admitted to
failing to contribute to the Trust Funds from June 2020
through July 2020 in violation of the Independent
Agreement, Contributing Employer Agreement, and related
agreements.

Therefore, Plaintiffs have satisfied their burden
of showing that there is no genuine issue of material
fact that Defendant has failed to comply with its
obligations under the Independent Agreement,
Contributing Employer Agreement, and related contracts.

Having concluded that Defendant failed to pay
contributions to the Trust Funds from June 2020 through
November 2020, the Court finds that Defendant violated
ERISA.

c.  Damages Defendant Owes the Trust Funds

Pursuant to 29 U.S.C. § 1132(g)(2), "[i]n any
action under this subchapter by a fiduciary for or on
behalf of a plan to enforce section 1145 . . . in which
a judgment in favor of the plan is awarded," a court
shall award: (A) the unpaid contributions, (B) interest
on the unpaid contributions, (C) the greater of the

interest or liquidated damages provided for under the
plan in an amount not in excess of twenty percent,
(D) reasonable attorney's fees and costs of the action,
to be paid by the defendant, and (E) such other legal or
equitable relief as the court deems appropriate.

The agreements provide that a delinquent employer
will be liable for unpaid contributions, interest, and
liquidated damages.  SUF ¶¶ 15-16.  An employer will
also be liable for audit costs, reasonable attorney's
fees, and any other costs of collection if an audit
reveals the employer has failed to correctly report and
pay contributions.  Id. ¶ 18.  Liquidated damages
resulting from failure to timely pay contributions are
presumed to be ten percent of the delinquent
contributions if paid within ten days of becoming
delinquent, or twenty percent if paid after the ten
days.[4]  Id. ¶ 15.  Unpaid contributions bear interest at
the rate of ten percent per annum.[5]  Id. ¶ 16.

Once the Court issues judgment in the Trust Funds'
favor, award of these damages is mandatory, so long as:
(1) the employer is delinquent at the time of the
action; (2) the Court enters judgment against the
employer; and (3) the plan provides for the award.  See,
e.g., Nw. Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d

---

[4] The Admin Trust assesses liquidated damages at ten percent
what was due and does not increase liquidated damages to twenty
percent.  Id.

[5] Unpaid contributions to the Admin Trust bear interest at
seven percent per annum.  Id.

253, 257 (9th Cir. 1996); <u>Kemmis v. McGoldrick</u>, 706 F.2d
993, 997 (9th Cir. 1983).  These conditions have been
met here, so the Trust Funds are entitled to judgment in
the amounts discussed below.

The Court awards the Trust Funds: (1) $25,327.77 in
unpaid contributions; (2) $5,027.79 in interest;
(3) $5,688.50 in liquidated damages; and (4) $105.00 in
audit costs.  <u>See</u> SUF ¶¶ 21-24, 27; Spreadsheet.
Plaintiffs' fees for filing, service of process, and
discovery are reasonable and recoverable, thus the
Plaintiffs may file a Notice of Application to the Clerk
to Tax Costs within thirty days of the Court entering
judgment.  C.D. Cal. L.R. 54-3.1, 54-3.2, 54-3.10.

2. <u>Audit</u>

Plaintiffs request the Court issue an injunction
requiring Defendant to submit to an audit of the months
of "December 2020 to present to ascertain whether the
correct amounts of contributions have been reported and
paid and whether Defendant owes further contributions to
Plaintiffs."  Plfs.' Notice of Mot and Mot. for Summ. J.
¶ 4, ECF No. 20.  The Supreme Court has held that where
a collective bargaining agreement gives the trustees of
an employee benefit plan the right to audit an
employer's books and records, it will be enforced.
<u>Cent. States, Se. & Sw. Areas Pension Fund v. Cent.</u>
<u>Transp., Inc.</u>, 472 U.S. 559, 569 (1985).

Here, Plaintiffs have identified the agreements
which require a signatory employer to submit to an audit

of its books and records.  See Independent Agreement;
Collective Bargaining Agreement.  Therefore, Plaintiffs
have presented sufficient evidence to show they are
entitled to injunctive relief in the form of a court
order compelling Defendant to submit to an audit of its
records.

Accordingly, the Court orders Defendant to submit
to a full audit for the period of December 2020 through
the present by auditors selected by the Trust Funds at
the premises of Defendant during business hours, at a
reasonable time or times, and to allow the auditors to
examine such books and records of Defendant relevant to
the enforcement of the Independent Agreement,
Contributing Employer's Agreement, collective bargaining
agreement, and related agreements.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS**
Plaintiffs' Motion for Summary Judgment in the amount of
$36,149.06.  The Court **ORDERS** Defendant to submit to an
audit of Defendant's books and records relevant to its
obligation to contribute to the Trust Funds.

**IT IS SO ORDERED.**

DATED: December 19, 2022     /S/ RONALD S.W. LEW
                            _____
                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge

14